IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HART,                          Civil No. 2:08-CV-02211-JAM-GGH

          Plaintiff,                 <u>ORDER TO COMPEL ARBITRATION</u>

     v.

RENT-A-CENTER, INC. and DOES 1
through 10, inclusive,

          Defendant.


     This matter is before the Court on Defendant Rent-A-Center,

Inc.'s ("RAC") motion to compel arbitration of Plaintiff David

Hart's ("Hart") complaint against it.[1]  For the reasons set forth

below, Defendant's motion to compel arbitration is GRANTED.

     Plaintiff filed suit in Sacramento County Superior Court,

alleging claims of negligence, statutory violations, and

_____

[1]   Because oral argument will not be of material assistance,
the court orders this matter submitted on the briefs.  E.D. Cal.
L.R. 78-230(h).

1

wrongful termination in violation of public policies against

Defendant RAC.  Defendant's Motion to Compel ("Mot.") 1:2-5.

RAC removed the case to federal court on diversity grounds.  See

Docket ("Doc.") # 1.

On or about June 22, 2006, Plaintiff executed a Mutual

Agreement to Arbitrate Claims as an RAC employee, followed by

another such agreement on July 27, 2007. ("Agreement").  The

Agreement stated that RAC and Hart "mutually consent to the

resolution by arbitration of all claims or controversies, past,

present or future."  Mot. 2:1-23. The Agreement further provided

that:

> The Arbitrator, and not any federal, state, or local court
>
> or agency, shall have exclusive authority to resolve any
>
> dispute relating to the interpretation, applicability,
>
> enforceability, or formation of this Agreement, including,
>
> but not limited to any claim that all or part of this
>
> Agreement is void or voidable.

Defendant's Reply ("Rep.") 2:5-13.  Defendant now seeks to

compel arbitration based on the Agreement.  Defendant contends

that the Court must order arbitration on all issues, including

the gateway issues of arbitrability.  Doc. # 9.  In opposition,

Plaintiff argues that the Court, as opposed to the arbitrator,

must determine arbitrability.  Doc. # 12.

The dispositve issue is who should decide arbitrability: the Court or an arbitrator.  The question whether parties have submitted a particular dispute to arbitration, i.e. the "question of arbitrability," is generally an issue for judicial determination.  AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 649 (1986).  In ruling on a petition to compel arbitration, the Court's inquiry is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  Chiron Corp. v. Ortho Diagnostic Sys., Inc. 207 F. 3d 1126, 1130 (9th Cir. 2000).  Parties are free, however, to contract around this default rule by assigning the determination of arbitrability to an arbitrator.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).  Thus, the issue of arbitrability turns on what the parties agreed to in their contract.  Id. at 943.

Here, the Agreement "clearly and unmistakably" provides an arbitrator with the exclusive authority to determine whether the Agreement is unenforceable.  AT&T Technologies, 475 U.S. at 649; First Options, 514 U.S. at 944-45.  The Agreement mandates that the arbitrator "have *exclusive authority* to resolve any dispute relating to the *interpretation*, *applicability*, *enforceability*, or *formation*" of the Agreement, including "any claim that all or part of this Agreement is *void* or *voidable*."  Rep. 2:5-13.

Neither the Court nor an arbitrator is free to ignore this provision in the Agreement.  The parties unambiguously expressed their intent to submit the question of unconscionability to an arbitrator by giving him or her the exclusive power to decide the Agreement's formation, enforceability, applicability and whether all or any part of it is void or voidable.  See e.g., Three Valley Municipal Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1141 (9th Cir. 1991) ("If the dispute is within the scope of an arbitration agreement, an arbitrator may properly decide whether the contract is 'voidable' because the parties have agreed to arbitrate the dispute.").

In sum, because the Agreement clearly and unmistakably provides an arbitrator with exclusive jurisdiction to decide issues of arbitrability, the Court GRANTS Defendant's motion to compel.


It is so ORDERED.

Dated: November 17, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4